## DAME *v.* LEE.

No. 10375.   FEBRUARY 15, 1935.

*Eldon Haldane,* for plaintiff.

*Robert Lee* and *Fulwood & Fulwood,* for defendant.

BECK, Presiding Justice.   Dame brought an equitable action against Lee, the substantial allegations of the petition being that he entered with Lee into a contract by the terms of which Lee was authorized and directed to buy and sell for Dame securities listed on the New York Stock Exchange and Curb Exchange, or securities listed on other recognized exchanges, on margin or otherwise; and Lee was to receive as compensation for his services a certain percentum of the gross profits accruing from the investment of the funds which Dame put into his hands.   In contemplation of the changes brought about by the activity of the market for securities, Dame agreed, in the contract, that Lee should have exclusive discretion in the amount of earnings to be distributed, and the times for making the distributions were fixed.   By appropriate terms contained in the contract Lee was constituted Dame's agent and attorney in fact, and was granted full power to do and perform all and singular every act and thing necessary or desirable in his discretion. To the terms of the contract Lee agreed.   Before all the funds deposited with him were expended, Dame brought an equitable suit for injunction and other relief against Lee, praying that he be restrained from investing any further part of the funds deposited with him in securities listed on the New York Stock Exchange or elsewhere, and that the court decree that the contract in question was within the scope of the definition of securities as set forth in the Georgia securities law (Code of 1933, § 97-101 et seq.), and that the contract was void and not binding upon petitioner, "for failure of the defendant to qualify the same under" that law.   The plaintiff further prayed that the defendant be directed to return to peti-

tioner the sum of $500, the amount of funds deposited. The court refused an injunction, on the ground that "the instrument in question is an ordinary contract, and is not a security within the provisions of the Georgia securities law."

The judge did not err in so holding. The plaintiff relied, for the relief sought, on the specific contention that "the contract in question comes within the definition of a security as the same is set forth in the Georgia securities law," and that "at the time of the execution of the contract, and since then, the defendant has not complied with the terms and provisions of said act by filing the necessary statement as required by said act."

*Judgment affirmed. All the Justices concur.*